RECEIVED CASHIER
CLERK'S OFFICE USDC PR
2023 FEB 1 AM 11:15

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HIGHER POWER ELECTRICAL, LLC; COBRA ACQUISITIONS LLC; LION POWER SERVICES LLC; and MAMMOTH ENERGY SERVICES INC., <br><br> Petitioners, <br><br> v. <br><br> MATTHEW CALICE, <br><br> Respondent. | Miscellaneous No 23-mc-065(SCC) <br><br> RECEIPT # 104007 <br> AMOUNT: $49.00 <br> FEB 0 1 2023 <br> CASHIER'S SIGNATURE |

## PETITION FOR CONFIRMATION OF ARBITRATION AWARD

TO THE HONORABLE COURT:

Petitioners Higher Power Electrical, LLC ("Higher Power"); Cobra Acquisitions LLC ("Cobra Acquisitions"); Lion Power Services LLC ("Lion Power"); and Mammoth Energy Services, Inc. ("Mammoth Energy") (collectively "Petitioners") respectfully petition this Court to confirm an arbitration award pursuant to the Federal Arbitration Act of 1947 ("FAA"), as amended, 9 U.S.C. § 1 *et seq.* In support of their petition, Petitioners aver and pray as follows:

### NATURE OF THE ACTION, JURISDICTION, AND VENUE

1. This petition seeks confirmation by this Honorable Court of an arbitration award entered on October 6, 2022 and attached hereto as **Exhibit F** (the "Award").

2. Respondent Matthew Calice ("Calice") initiated an arbitration, administered by the American Arbitration Association ("AAA") and styled "Matthew Calice v. Mammoth Energy Services, Inc., d/b/a Cobra Energy; Higher Power Electrical, LLC; Cobra Acquisitions LLC; and

1

Cobra Energy LLC,[1] Case No. 01-19-0002-5519" (the "Arbitration"). In the Award, all claims asserted by Calice were dismissed with prejudice. Petitioners seek (1) confirmation and enforcement of the Award; and (2) entry of final judgment in favor of Petitioners and against Calice.

3.  This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1331 because the dispute underlying the Arbitration involved claims arising under the Fair Labor Standards Act, 29 U.S.C. § 203 *et seq.*

4.  The underlying dispute also concerned claims under Puerto Rico law over which the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5.  Under 9 U.S.C. § 9, this Court is a proper venue for this petition because the Award was made within this district and the events alleged in Calice's original arbitration occurred in this District.

**PARTIES**

6.  Petitioner Higher Power Electrical, LLC is a Texas limited liability company with its principal place of business in Oklahoma City, Oklahoma.

7.  Petitioner Cobra Acquisitions LLC is a Delaware limited liability company with its principal place of business in Oklahoma City, Oklahoma.

8.  Petitioner Lion Power Services LLC is a Delaware limited liability company with its principal place of business in Oklahoma City, Oklahoma.

9.  Petitioner Mammoth Energy Services Inc. is a Delaware corporation with its principal place of business in Oklahoma City, Oklahoma.

---

[1] After Calice's arbitration demand was filed, Cobra Energy LLC's name was changed to Lion Power Services LLC. Therefore, the Award applies to Lion Power, and Lion Power is a proper petitioner.

2

10. Calice initiated the Arbitration against Petitioners and, upon information and belief, resides in Florida.

## RELEVANT FACTS

11. Higher Power constructs, maintains, and repairs electrical transmission and distribution infrastructure.

12. Higher Power, Lion Power (formerly known as Cobra Energy LLC), and Cobra Acquisitions are all affiliated companies and are all subsidiaries of Mammoth Energy Services Inc., a public company whose shares are traded on the New York Stock Exchange.

13. After Hurricanes Maria and Irma struck Puerto Rico in September 2017, destroying the island's electrical grid and leaving its residents without power, Higher Power helped to restore Puerto Rico's electrical infrastructure pursuant to contracts between Cobra Acquisitions and the Puerto Rico Electric Power Authority.

14. In October 2017, Higher Power hired Calice to perform work in Puerto Rico.

15. On October 27, 2017, Calice entered into an arbitration agreement with Higher Power (the "Agreement"). *See* Agreement, attached hereto as **Exhibit A.**

16. The Agreement states in relevant part:

I AGREE THAT ANY AND ALL DISPUTES ARISING OUT OF OR RELATED TO THE EMPLOYMENT RELATIONSHIP BETWEEN THE PARTIES (INCLUDING TERMINATION OF EMPLOYMENT) WILL BE RESOLVED BY MANDATORY, BINDING ARBITRATION PURSUANT TO THE FEDERAL ARBITRATION ACT AND USING THE AMERICAN ARBITRATION ASSOCIATION RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES WITH THE EXCEPTION THAT THE ARBITRATOR SHALL NOT HAVE THE RIGHT OR AUTHORITY TO CONDUCT ANY ARBITRATION ON A CLASS, COLLECTIVE OR REPRESENTATIVE BASIS. ALL ARBITRATIONS COVERED BY THIS AGREEMENT SHALL BE CONDUCTED AS INDIVIDUAL CLAIMS AND EACH RESOLVED IN A SINGLE ARBITRATION BETWEEN THE EMPLOYEE AND COMPANY.

17. On or about August 14, 2019, as required by the Agreement, Calice filed an arbitration demand with AAA, attached hereto as **Exhibit B.** Arbitrator Guillermo A. Nigaglioni was selected to conduct the Arbitration.

18. For approximately one year (from June 2021 to June 2022), Calice ignored Petitioners' repeated requests for dates of availability for Calice's deposition. It was not until the Arbitrator intervened that Calice provided availability and Calice's deposition was scheduled. However, Calice's counsel later unilaterally canceled his deposition and did not provide additional dates of availability. Subsequently, Petitioners repeatedly attempted to contact counsel for Calice but received no response. As a result, Calice's deposition was never rescheduled.

19. On August 11, 2022, Petitioners moved to dismiss Calice's claims with prejudice for lack of prosecution. *See* Calices' Motion to Dismiss, attached hereto as **Exhibit C.**

20. On August 15, 2022, the Arbitrator issued a Final Order to Show Cause, ordering Calice to file a response to Petitioners' Motion to Dismiss within five calendar days. *See* Final Order to Show Cause, attached hereto as **Exhibit D.**

21. Calice did not adhere to the requirements of the Arbitrator's Final Order to Show Cause. Instead, in responding 14 days later (nine days after the deadline), counsel for Calice stated, "[t]he failure to respond to the order is solely the responsibility of Claimant's counsel[.]" *See* Calice's Response to Final Order to Show Cause, attached hereto as **Exhibit E.**

22. On October 6, 2022, the AAA served the parties with the Award, a copy of which is attached hereto as **Exhibit F.**

23. Upon information and belief, the Arbitrator made the award in San Juan, Puerto Rico.

4

24. In the Award, the Arbitrator held that "allowing this claim to proceed by denying the motion to dismiss will only result in an uninterested and lackadaisical approach to the case by Mr. Calice's counsel," which "would not be in the interest of the claimant and would only increase the costs of arbitration." *See id.* at ¶ 13.

25. The Arbitrator also held that "the failure to comply with the Arbitrator's orders relative to the taking of claimant Calice's deposition result[ed] in unfairness to [Petitioners]. It [was] the duty of [Calice] to keep abreast and informed of the course of his claim. And it [was] the duty and responsibility of his counsel to keep [Calice] informed of all matters that pertain[ed] to his claim. The mere filing of a claim without the active participation of the claimant in the ensuing process, and that of his counsel also, is necessary if arbitration is to proceed as intended." *Id.* at ¶ 14.

26. The Arbitrator then unambiguously, and without qualification, ordered that Calice's claims be "dismissed with prejudice." *Id.* at ¶ 15. In reaching that conclusion, the Arbitrator explained that in his "sixty (60) years in the practice of law and thirty-six (36) years acting as an arbitrator [he had] not seen a dereliction of duty by any attorney as evident as that shown by counsel for [Calice]." *Id.* at ¶ 12.

27. Because the Award unambiguously dismissed Calice's claims with prejudice, when serving the parties with the Award, the AAA stated that it would "confirm when the matter [was] closed." *See* Ex. F.

28. On October 7, 2022, Calice sent an email requesting a hearing with the Arbitrator for reconsideration of the Award, attached hereto as **Exhibit G**.

29. On October 10, 2022, the AAA sent an email to the parties, attached hereto as **Exhibit H**, relaying the Arbitrator's order that Calice file a motion for reconsideration of the

Award. Calice was given seven calendar days to file his motion, and Petitioners were given five days to respond.

30. On October 17, 2022, Calice filed a motion for reconsideration of the Award, attached hereto as **Exhibit I.**

31. Petitioners, however, did not agree to reconsideration.

32. Nor did the Agreement, which was governed by the AAA's Employment Arbitration Rules ("AAA Rules"), contain any provision allowing for reconsideration of a final award.

33. On October 20, 2022, prior to the deadline that the Arbitrator had set for Petitioners to respond to Calice's motion for reconsideration (which was October 22), Arbitrator Nigaglioni nevertheless issued an order, attached hereto as **Exhibit J**, purporting to rescind the Award.

34. On October 21, 2022, Petitioners requested that Arbitrator Nigaglioni withdraw his order rescinding the Award. *See* Motion to Vacate, attached hereto as **Exhibit K.**

35. On November 2, 2022, the Arbitrator issued an order affirming his purported rescission of the Award. *See* Order Relative to Claimant's Motion for Reconsideration on Order of Dismissal, attached hereto as **Exhibit L.**

**CAUSE OF ACTION FOR CONFIRMATION OF ARBITRATION AWARD**

36. This petition is brought pursuant to Section 9 of the FAA, which provides that an arbitration award can be confirmed by a court with jurisdiction within one year after the date of the award. Specifically, Section 9 states the following:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and

6

thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

37. Courts have consistently held that venue under the FAA is permissive and that a petition to confirm an arbitration award may be made in the district court in which the award was made. *See, e.g., Bacardi Int'l Ltd. v. V. Suarez & Co.*, 718 F.3d 1, 9 (1st Cir. 2013); *Thomas Diaz, Inc. v. Colombina, S.A.*, 831 F. Supp. 2d 528, 539 (D.P.R. 2011); *Colon Vazquez v. El San Juan Hotel & Casino*, 483 F. Supp. 2d 147, 151-52 (D.P.R. 2007); *Hancor, Inc. v. R&R Eng'g Prods., Inc.*, 381 F. Supp. 2d 12, 14-17 (D.P.R. 2005).

38. This Court is the proper venue for this action because the Award was issued in San Juan, Puerto Rico, and the events alleged in the Calice's demand for arbitration took place in Puerto Rico.

39. Furthermore, the underlying dispute involves questions arising under a federal statute and Puerto Rico law with a common nucleus of operative fact.

40. This petition is timely because it is being filed within one year after the Award was issued on October 6, 2022.

41. The Arbitrator lacked the authority to amend the findings that led to his original Award and the Award itself. The rules governing this Arbitration prohibited the Award from being reconsidered. Rule 40 of the AAA Rules, under which the parties agreed the arbitration proceeding would be governed, states:

7

> Within 20 days after the transmittal of an award, any party, upon notice to the other parties, may request the arbitrator to correct any clerical, typographical, technical, or computational errors in the award. **The arbitrator is not empowered to redetermine the merits of a claim already decided.** The other parties shall be given 10 days to respond to the request. The arbitrator shall dispose of the request within 20 days after transmittal by the AAA to the arbitrator of the request and any response thereto. If applicable law requires a different procedural time frame, that procedure shall be followed.

Emphasis added.

42. Rule 40 of the AAA Rules "codifies the common law doctrine of *functus officio*." *Int'l Bhd. Of Elec. Workers, Local Union 824 v. Verizon Fla., LLC*, 803 F.3d 1241, 1248 (11th Cir. 2015) ("*Verizon Fla.*"). Under the doctrine of *functus officio*, "once the arbitrator issues his final award, his authority over the case ends and he lacks power to revise it." *Hermandad Independiente de Empleados Telefonicos v. P.R. Tel. Co.*, 498 F. Supp. 2d 454, 459 (D.P.R. 2007). Reconsideration is improper if both parties did "not 'clearly and unmistakably' ask the arbitrator to reconsider his original award." *Verizon Fla., LLC*, 803 F.3d at 1248. Without such agreement, only an original final award may be confirmed under the FAA. *See id.* at 1250 n.12 (holding arbitrator "was not authorized to revisit his decision and enter the substituted award," given "the strong policy in favor of finality of arbitration awards—which is supported by both the common law *functus officio* and Rule 40"); *cf. Lindland v. U.S. Wrestling Ass'n, Inc.*, 227 F.3d 1000, 1004 (7th Cir. 2000) (observing that arbitrators are bound by the rules "that give them power to act," and refusing to confirm a second award entered by another arbitrator because he "decided to ignore" Rule 40 of the AAA Rules).

43. The Award unambiguously dismissed all of Calice's claims with prejudice, and Petitioners did not agree to reconsideration of the Award. Thus, under the Agreement, AAA Rule 40, and the common law, the Award is final and cannot be amended.

**WHEREFORE,** Petitioners respectfully request that this Court enter an order (1) confirming the Award issued on October 6, 2022 in its entirety; (2) issuing final judgment in favor of Petitioners and against Calice; and (3) granting such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED,

In San Juan, Puerto Rico, on February 1, 2023.

By:   /s/ Ricardo F. Casellas Sánchez
USDC No. 203114
**CASELLAS ALCOVER & BURGOS, PSC**
P.O. Box 364924
San Juan, Puerto Rico 00936-4924
Tel: (787) 756-1400
Fax: (787) 756-1401
rcasellas@cabprlaw.com

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Brian Glenn Patterson (*pro hac vice* pending)
1111 Louisiana Street
44th Floor
Houston, TX 77002-5200
Phone: 713.250.2214
Fax: 713.236.0822
bpatterson@akingump.com

James Crowley (*pro hac vice* pending)
2001 K Street NW
Washington, DC 20006
Phone: 202.887.4000
Fax: 202.887.4288
jcrowley@akingump.com

*Counsel for Petitioners Higher Power Electrical, LLC; Cobra Acquisitions LLC; Lion Power Services LLC; and Mammoth Energy Services Inc.*